# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Judith Ann Haas, Damari Indart, Brandon Lee Velez, | ) )  )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| South Carolina Department of Motor Vehicles, Kevin A. Shwedo, | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 6:14-cv-04246-JMC

**ORDER AND OPINION**

Plaintiffs Judith Ann Haas, Damari Indart, and Brandon Lee Velez (collectively "Plaintiffs") filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants South Carolina Department of Motor Vehicles ("SCDMV") and Kevin A. Shwedo, in his official capacity as director of the SCDMV (collectively "Defendants"), violated the First Amendment and the Equal Protection Clause of the Fourteenth Amendment by refusing to issue driver's licenses that reflect Plaintiffs' married names. (ECF No. 1.) This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 17).

For the reasons set forth herein, the court thereby **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 17).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

All three Plaintiffs were legally married to members of the same sex in states outside of South Carolina and attempted to obtain a South Carolina driver's license in their married names, but were refused. (*Id.* at 5-8.) Officials at the SCDMV cited to South Carolina laws, valid at the time, prohibiting same-sex marriage in the state and prohibiting the recognition of same-sex

1

marriages performed out-of-state.[1]  (*Id.* at 5, 7.)

Plaintiffs filed their Complaint on October 31, 2014, pursuant to 42 U.S.C. § 1983, alleging Defendants' actions violate Plaintiffs' freedom of speech rights under the First Amendment, equal protection rights under the Fourteenth Amendment, substantive due process rights, and procedural due process rights.  (*Id.* at 9-13.)  Plaintiffs seek a declaratory judgment declaring that the SCDMV policy of accepting a marriage certificate or license as evidence of a name change only when the couple is of the opposite sex "violates rights guaranteed by the First and Fourteenth Amendments of the Constitution of the United States."  (*Id.* at 14.)  Plaintiffs further seek a permanent injunction prohibiting the practice of refusing to accept same-sex marriage licenses or certificates as evidence of a name change, an order that Defendants accept Plaintiffs' marriage licenses or certificates as evidence of name changes, and award actual, general, special, compensatory, and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1988.  (*Id.*)

On February 18, 2015, Defendants filed a Motion for Summary Judgment, arguing (1) a policy change by the SCDMV rendered Plaintiffs' claims for declaratory and injunctive relief moot and (2) the Eleventh Amendment bars Plaintiffs' claims against the SCDMV and bars damage claims against both Defendants.  (ECF No. 17 at 1.)

---

[1] "A marriage between one man and one woman is the only lawful domestic union that shall be valid or recognized in this State.  This State and its political subdivisions shall not create a legal status, right, or claim respecting any other domestic union, however denominated.  This State and its political subdivisions shall not recognize or give effect to a legal status, right, or claim created by another jurisdiction respecting any other domestic union, however denominated. Nothing in this section shall impair any right or benefit extended by the State or its political subdivisions other than a right or benefit arising from a domestic union that is not valid or recognized in this State.  This section shall not prohibit or limit parties, other than the State or its political subdivisions, from entering into contracts or other legal instruments."  S.C. Const. art. XVII, § 15.  "A marriage between persons of the same sex is void *ab initio* and against the public policy of this State."  S.C. Code Ann. § 20-1-15 (2015).  "(B) No man shall marry… another man. (C) No woman shall marry… another woman."  S.C. Code Ann. § 20-1-10 (2015).

In November 2014, this court issued two decisions invalidating South Carolina's laws banning same-sex marriage and refusing to recognize out-of-state same-sex marriages.[2]  In response, the SCDMV "revised its policy to remove any impediment to the use of names of choice by partners in same sex marriages." (ECF No. 17-1 at 2.)  Plaintiffs Haas and Velez requested and were granted name changes by the SCDMV the day following the policy change. (*Id., see also* ECF No. 20-1 at 4.)

On March 17, 2015, Plaintiffs filed a response to Defendants' Motion for Summary Judgment.  (ECF No. 20.)  Plaintiffs concede that all claims for damages are barred by the Eleventh Amendment, and consent to summary judgment being granted on this issue.  (*Id.* at 1.) However, Plaintiffs challenge Defendants' assertion that the claims for declaratory and injunctive relief are moot, as the State of South Carolina appealed the decisions invalidating the state's same-sex marriage ban.  (*Id.* at 2.)

## II. LEGAL STANDARD AND ANALYSIS

"In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Murphy v. Hunt,* 455 U.S. 478, 481, (1982) (internal quotes and citations omitted).  A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Chafin v. Chafin,* 133 S. Ct. 1017, 1023 (2013) (citations omitted).

---

[2] *Condon v. Haley,* filed on November 12, 2014, found "that S.C. Code Ann. § 20–1–10(B)–(C), S.C. Code Ann. § 20–1–15 and S.C. Constitution Art XVII, § 15, to the extent they seek to prohibit the marriage of same sex couples who otherwise meet all other legal requirements for marriage in South Carolina, unconstitutionally infringe on the rights of Plaintiffs under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and are invalid as a matter of law."  21 F. Supp. 3d 572, 587 (D.S.C. 2014). *Bradacs v. Haley,* filed on November 18, 2014, found "South Carolina's denial of legal recognition to the marriages of same-sex couples who were married in other states or jurisdictions violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution."  58 F. Supp. 3d 514, 533 (D.S.C. 2014).

3

Plaintiffs argue that Defendants' policy could be reversed if the state's appeal were to be granted, and that "[w]here a defendant continues to argue that its actions are legal, voluntary compliance with a court order does not moot the case." (ECF No. 20-1 at 6, citing *Walling v. Helmerich & Payne,* 323 U.S. 37, 43 (1944).) This concern, however, has been laid to rest by the United States Supreme Court. On June 26, 2015, the Supreme Court issued the order in *Obergefell v. Hodges,* declaring marriage to be a fundamental right under the Constitution to opposite sex and same-sex couples alike. 135 S. Ct. 2584 (2015). This decision not only established the right of same-sex couples to be legally married in all states, but stated "there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character." *Id.* at 2608. With the right to marry comes access to the benefits and obligations of the institution—such as the right to have one's married name recognized by the state in which one lives—as well. *See, id.* at 2601 ("Indeed, while the States are in general free to vary the benefits they confer on all married couples, they have throughout our history made marriage the basis for an expanding list of governmental rights, benefits, and responsibilities.").

In light of Plaintiffs' concession that their claim for damages is barred by the Eleventh Amendment, all that is left for the court to grant is declaratory and injunctive relief. With *Obergefell* foreclosing the possibility that South Carolina's same-sex marriage ban will be reinstated, there is no longer a pending issue regarding Plaintiffs' claim, and thus "it is impossible for [the] court to grant any effectual relief." This issue is therefore moot, and summary judgment is appropriate.

## III. CONCLUSION

Based on the aforementioned reasons, it is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 17) is **GRANTED** and this action (ECF No. 1) is **DISMISSED** as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 13, 2015
Columbia, South Carolina